**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0701n.06
Filed: August 11, 2005

**04-1238**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| McCONNELL ADAMS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KURT JONES, Warden, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: KEITH and DAUGHTREY, Circuit Judges, and WILLIAMS,[*] District Judge.

**PER CURIAM.** The petitioner, McConnell Adams, is a Michigan state prisoner serving a life sentence for first-degree murder. After exhausting his direct appeals and his post-conviction remedies in the state courts, he filed this petition for habeas relief in the district court, contending that he was denied his Fifth Amendment right to counsel when, during interrogation, the police did not scrupulously honor his request to have an attorney present during questioning and continued the interrogation despite his invocation of the right to remain silent. The district court reviewed the ruling by the Michigan Court of Appeals that the petitioner had not unequivocally asserted a right to counsel or a right to remain silent and held, pursuant to 28 U.S.C. § 2254(d), that the state court's conclusion

---

[*]The Hon. Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The district court therefore denied relief, after setting out an extensive – and, we conclude, a correct – analysis of the facts of the case and the applicable federal law.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying habeas relief to the petitioner. Because the reasons why judgment should be entered for the respondent have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order and opinion dated December 4, 2003.